David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile:  415.344.7050

Dennis C. Hopkins, *Pro Hac Vice*
DHopkins@perkinscoie.com
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: 212.262.6900
Facsimile:  212.977.1649

Lauren Watts Staniar, *Pro Hac Vice*
LStaniar@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendant
Van's International Foods, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOLLY BROWN,<br><br>   Plaintiff,<br><br>  v.<br><br>VAN'S INTERNATIONAL FOODS, INC.,<br><br>   Defendant. | Case No. 3:22-cv-00001-WHO<br><br>DEFENDANT VAN'S INTERNATIONAL FOODS, INC.'S NOTICE OF MOTION AND MOTION TO STAY PENDING APPEAL IN CHONG V. KIND LLC, NO. 22-15368<br><br>Date:   Wed. May 4, 2022<br>Time:   2 p.m. PT<br>Courtroom: Courtroom 2 (17th Fl.)<br>Judge:   Hon. William H. Orrick |

**NOTICE OF MOTION AND MOTION TO STAY**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 4, 2022, at 2:00 p.m. PT, or as soon thereafter as the matter may be heard in the Courtroom of the Honorable William H. Orrick, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 2 – 17th Floor, or in Judge Orrick's virtual courtroom, Defendant Van's International Foods, Inc., a brand owned by Sara Lee Frozen Bakery LLC (hereinafter "Sara Lee") will and hereby does move pursuant to this Court's inherent authority to stay this case pending the Ninth Circuit's resolution of the appeal in *Chong v. Kind LLC*, No. 22-15368 (9th Cir., filed Mar. 11, 2022).

This motion is made on the following grounds: *Chong* and this case raise overlapping issues relevant to front- and back-panel protein labeling, and a binding decision from the Ninth Circuit in *Chong* could significantly narrow—or even eliminate—issues in this case. So, a brief stay while the Ninth Circuit considers *Chong* would preserve both party and judicial resources and would not prejudice either party.

## I.  INTRODUCTION

Defendant Van's International Foods, Inc., a brand owned by Sara Lee Frozen Bakery, ("Sara Lee") respectfully requests that the Court stay this case pending the Ninth Circuit appeal in *Chong v. Kind LLC*, No. 22-15368. *Chong* was brought by the same plaintiff counsel as in this case, and it asserted claims virtually identical to those asserted here. The *Chong* appeal raises for Ninth Circuit review questions of federal food labeling law and pre-emption under *Buckman v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001), that will very likely clarify, narrow, or dispose of the claims asserted here. A stay pending appeal in *Chong* will save party and judicial resources while the Ninth Circuit considers these issues.

## II.  BACKGROUND

Plaintiff challenges two aspects of the protein labeling on Van's International-branded pancake and waffle products ("Products"). First, Plaintiff claims that the Products' front-label protein claims—for example, "10 g PLANT-BASED protein"—are false or misleading because they state the total amount of protein in the products, unadjusted for digestibility. Compl. ¶ 7. Second, Plaintiff claims Sara Lee violated Food and Drug Administration ("FDA") regulations by stating the amount of total protein on the Products' front-label without disclosing within the Products' nutrition facts panel the percent daily value ("DV") for protein, calculated pursuant to a test called protein digestibility-corrected amino acid score ("PDCAAS"). Compl. ¶ 6.

A different consumer, represented by the same lawyers that represent Plaintiff here, raised these same issues in a recent case against Kind LLC. *See Chong v. Kind LLC*, 2022 WL 464149 (N.D. Cal. Feb. 15, 2022). As here, Plaintiffs in *Chong* alleged that Kind misled consumers by stating the total protein content on the front of their products, unadjusted for digestibility. Complaint ¶ 19, ECF 1, *Chong v. Kind LLC*, No. 3:21-cv-04528-RS (N.D. Cal., filed June 11, 2021) (Declaration of Lauren Watts Staniar, Ex. A).[1] Plaintiffs in *Chong* also alleged that Kind violated FDA regulations on certain of its products by failing to include a percent daily value for protein in the Products' nutrition facts panel. *Id.* ¶¶ 18–19, 40.

---

[1] Sara Lee respectfully requests this Court take judicial notice of the Complaint filed in *Chong* attached as Exhibit A to the Declaration of Lauren Watts Staniar pursuant to Federal Rule of Evidence 201(b). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings in a related case).

Last month, a federal district court rejected these allegations and granted Kind's motion to dismiss with prejudice. *Chong*, 2022 WL 464149, at *3–4. The Court reasoned that "a correct reading of the regulations establishes that producers may state grams of protein even outside the Nutrition Facts panel calculated by the nitrogen method, and without adjustment for digestibility." *Id.* at *3. The Court also rejected plaintiffs' contention that Kind violated FDA regulations when it omitted a percent DV from certain products nutrition facts panel. *Id.* at *4. The Court found that the claims were preempted under *Buckman v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001), because those claims relied on the Sherman Law, which is not a "pre-existing, traditional, state tort law claim[s]," and instead post-dates and is entirely reliant upon FDA regulations. *Chong*, 2022 WL 464149, at *4. *Chong* strongly supports Sara Lee's position, articulated in its Motion to Dismiss filed on February 28, that the labels at issue are not misleading, and any challenge to them is preempted. *See* Mot., ECF 20, at 6, 9–11, 15, 21 (relying on *Chong*).

After Sara Lee filed its motion to dismiss in this case, plaintiffs in *Chong* filed a notice of appeal to the Ninth Circuit. *See* Notice of Appeal, ECF 43, *Chong v. Kind LLC*, 3:21-cv-04528-RS (N.D. Cal., Mar. 10, 2022). That appeal has been docketed at Ninth Circuit case number 22-15368.

### III.   ARGUMENT

Sara Lee respectfully requests that the Court stay this case pending the Ninth Circuit's resolution of plaintiff's appeal in *Chong v. Kind LLC*, No. 22-15368. A decision from the Ninth Circuit in *Chong* is likely to resolve several of the issues raised here, namely, whether Sara Lee's front-label total protein claims are misleading, and whether Plaintiff's challenge to the Products' Nutrition Facts Panel is impliedly preempted under *Buckman*. A stay will not prejudice Plaintiff. To the contrary, it will conserve party and judicial resources as the Ninth Circuit considers a case that could potentially dispose of or significantly narrow the issues presented here.

#### A.   Courts in this district frequently grant stays pending appeals.

"District courts have the 'discretionary power to stay proceedings.'" *Vance v. Google LLC*, 2021 WL 534363, at *3 (N.D. Cal. Feb. 12, 2021) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). A court may "find it is efficient for its own docket and the fairest course of the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Courts consider several factors, known as the *Landis* factors, in evaluating whether a stay is proper. "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "In cases where substantial litigation is likely to take place during the pendency of an appeal, courts have at times granted a stay as a means of conserving judicial resources." *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014).

Applying these factors, "[c]ourts in this district have routinely granted stays where there are overlapping issues of fact or law with a case before different district courts or on appeal." *Vance*, 2021 WL 534363, at *3 (collecting cases); *see also Zhang v. Ancestry.com Operations Inc.*, 2022 WL 718486, at *1 (N.D. Cal. Mar. 10, 2022) (staying case pending Ninth Circuit appeal of similar case, when appeal would likely be dispositive on standing issues); *McElrath v. Uber Techs., Inc.*, 2017 WL 1175591, at *1 (N.D. Cal. Mar. 30, 2017) (granting stay pending Supreme Court review of similar case); *Robledo v. Randstad US, L.P.*, 2017 WL 4934205, at *5 (N.D. Cal. Nov. 1, 2017) (same); *Mackall v. Healthsource Global Staffing, Inc.*, 16-cv-03810-WHO (N.D. Cal. Jan. 18, 2017) (staying proceedings when the Supreme Court had granted cert. on the dispositive issue in the case); *Leonhart v. Nature's Path Foods, Inc.*, 2015 WL 3548212, at *4 (N.D. Cal. June 5, 2015) (staying case pending Ninth Circuit appeal that would potentially guide key issues on class certification); *Larson v. Trans Union, LLC*, 2015 WL 3945052, at *7 (N.D. Cal. June 26, 2015) (Orrick, J.) (staying case pending Supreme Court's resolution of appeal in *Spokeo v. Robbins*); *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at * (N.D. Cal. Dec. 10, 2014) ("In light of the early stage of the instant proceedings and the likelihood that the Ninth Circuit will provide substantial guidance in its decision in *Jones*, the Court grants Defendant's motion to stay this action."); *cf.*

*Complete Genomics, Inc. v. Illumina, Inc.*, 2021 WL 1197096, at *3 (N.D. Cal. Mar. 30, 2021) (Orrick, J.) (staying action pending resolution of similar action in a different district court).

### B. The relevant factors militate in favor of a stay here.

Each of the *Landis* factors favors a stay here. *First*, Plaintiff will not experience any prejudice from the granting of a stay. *CMAX*, 300 F.2d at 268 (describing first factor). The stay is necessarily limited in duration and will last only while the *Chong* appeal is pending. That appeal will be fully briefed by late-summer 2022. *See Chong v. Kind LLC*, ECF 1, 22-15368 (plaintiff's opening brief is due June 20, Kind's answering brief is due July 18, and plaintiff's reply brief is due August 8). To the extent a stay would delay any potential monetary and injunctive relief, neither factor warrants denying Sara Lee's motion. Courts consistently hold that "the mere delay in monetary recovery is an insufficient basis to deny a stay." *Gustavson*, 2014 WL 6986421, at *3. As for any requested injunctive relief, "this action is at an early stage of litigation, Plaintiff has not moved for a preliminary injunction, and any prospective injunctive relief is unlikely to be addressed by this Court or a jury before the Ninth Circuit issues a decision in" *Chong*. *See id.* So, this factor does not weigh against issuing a stay.

*Second*, both parties will suffer hardship and inequity if required to go forward before the appeal in *Chong* is decided. The Ninth Circuit is poised to decide two issues in *Chong* that overlap significantly with the issues raised here. So, "both parties would be in danger of expending resources needlessly if the case were to go forward now, only to have the legal landscape change significantly when the Ninth Circuit issues its decision[]" in *Chong*. *Leonhart*, 2015 WL 3548212, at *3. For example, if the stay is denied and this case proceeds past Sara Lee's motion to dismiss, a Ninth Circuit decision in *Chong* may necessitate additional motion practice on key dispositive issues, such as whether the challenged claims are misleading and/or Plaintiff's case preempted. *See* Fed. R. Civ. P. 12(g) (limiting further Rule 12 motions only when the argument was available during the first motion); L. Civ. R. 7-9(b)(1)–(2) (motion to file motion for reconsideration must be based on intervening change in the law). A stay would preserve judicial resources as well. Given the substantial overlap between *Chong* and the instant case, the Ninth Circuit's decision in *Chong* necessarily will provide this Court guidance on Sara Lee's pending motion to dismiss and may even

obviate the need for the Court to consider certain issues. *See* Mot. at 6, 9–11, 15, 21 (relying on district court's decision in *Chong* to argue in favor of dismissal with prejudice); *Larson*, 2015 WL 3945052, at *8 (granting stay pending appeal in similar case when "if the case is not stayed, the Court, the parties, and the absent class members (who will soon receive class notice if the case were to go forward) would all face the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary").

*Third*, "it cannot be disputed that guidance from the Ninth Circuit would aid in the orderly, just resolution of this case." *Leonhart*, 2015 WL 3548212, at *4. *Chong* and the instant case are nearly identical challenges brought by the same plaintiff's counsel as part of their effort to challenge industry-wide, FDA-approved protein labeling practices. *Compare* Compl. ¶ 19, *with* Complaint ¶ 19, ECF 1, *Chong v. Kind LLC*, No. 3:21-cv-04528-RS (N.D. Cal., filed June 11, 2021) (RJN Ex. A); *see also* Mot. at 5–6 (identifying five protein labeling challenges filed by Plaintiff's counsel and explaining the history of these challenges). *Chong* and this case turn on substantially similar issues: whether a front-label total protein claim unadjusted for digestibility is inherently misleading, and whether consumer plaintiffs can challenge an alleged omission of a percent DV figure from the Products' Nutrition Facts Panel. *Chong*, 2022 WL 464149, at *3–4 (considering both issues). Resolution of those issues will inform this Court's decision on Sara Lee's pending motion to dismiss. Should the case proceed—which Sara Lee believes is unlikely given the present state of the law—a decision from the Ninth Circuit in *Chong* will guide the Parties' approach to discovery, further dispositive motions, and potential settlement. Because "[t]he question[s] presented in the [*Chong*] appeal [are] squarely implicated in this case," a temporary stay is warranted here while the Ninth Circuit considers those questions. *See Larson*, 2015 WL 3945052, at *8 (Orrick, J.) (granting stay in similar circumstances).

## IV.   CONCLUSION

For the foregoing reasons, Sara Lee respectfully requests that the Court grant the motion to stay and stay this case pending the Ninth Circuit's resolution of the appeal in *Chong v. Kind LLC*, No. 22-15368.

| | |
|---|---|
| 1  Dated:  March 25, 2022 | **PERKINS COIE LLP** |

By:*/s/ Lauren Watts Staniar*
David Biderman, Bar No. 101577
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile:  415.344.7050
Email: DBiderman@perkinscoie.com

Dennis Hopkins, pro hac vice
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: 212.262.6900
Facsimile: 212.977.1649
Email: DHopkins@perkinscoie.com

Lauren Watts Staniar, pro hac vice
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: LStaniar@perkinscoie.com

Attorneys for Defendant Van's International Foods, Inc.