David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: 415.344.7000
Facsimile:  415.344.7050

Dennis C. Hopkins, *pro hac vice*
DHopkins@perkinscoie.com
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: 212.262.6900
Facsimile:  212.977.1649

Charles C. Sipos, *pro hac vice*
CSipos@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Carrie Akinaka, Bar No. 324284
CAkinaka@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: 310.788.9000
Facsimile:  310.788.3399

Attorneys for Defendant
Van's International Foods, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| MOLLY BROWN,<br><br>Plaintiff,<br><br>v.<br><br>VAN'S INTERNATIONAL FOODS, INC.,<br><br>Defendant. | Case No. 3:22-cv-00001-WHO<br><br>DEFENDANT VAN'S INTERNATIONAL FOODS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT [FED. R. CIV. P. 12(B)(6)]<br><br>Date:            August 24, 2022<br>Time:            2:00 p.m. PT<br>Courtroom:   Courtroom 2 (17th Fl.)<br>Judge:           Hon. William H. Orrick |

**NOTICE OF MOTION & MOTION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 24, 2022, at 2:00 p.m. PT, or as soon thereafter as the matter may be heard in the Courtroom of the Honorable William H. Orrick, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 2 – 17th Floor, or in Judge Orrick's virtual courtroom, Defendant Van's International Foods, Inc. ("Van's"), will and hereby does move pursuant to Federal Rules of Civil Procedure 12(b)(6) to dismiss Plaintiff's First Amended Complaint ("FAC").

This motion is made on the following grounds:

1.     Plaintiff lacks statutory standing for her consumer protection claims because she fails to plausibly allege reliance on the allegedly omitted DV% claim;

2.     Plaintiff lacks statutory standing for her consumer protection claims because her otherwise vague reliance allegations are implausible and unreasonable based on admissions in the FAC regarding Plaintiff's understanding of protein content;

3.     Plaintiff's common law claims for fraud and unjust enrichment fail for lack of reliance;

4.     Plaintiff's FAC is based on alleged fraudulent conduct but she does not plead essential facts with the specificity required by Fed. R. Civ. P. 9(b).

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ........................................................................................................1

II.     FACTUAL BACKGROUND .....................................................................................2

        A.      Plaintiff's initial Complaint was dismissed in full, with leave to amend
                permitted on the issue of reliance.............................................................2

        B.      Plaintiff's First Amended Complaint does not contain any express
                allegation of fact that she relied on the omission of the DV% when
                purchasing the Waffles...........................................................................3

III.    STATEMENT OF ISSUES TO BE DECIDED ........................................................5

IV.     LEGAL STANDARDS................................................................................................6

        A.      Rule 12(b)(6)...........................................................................................6

        B.      Rule 9(b) .................................................................................................6

V.      ANALYSIS .................................................................................................................7

        A.      Plaintiff lacks standing for her statutory claims because she fails to
                plausibly allege reliance on the allegedly omitted DV% claim. ...............7

        B.      Plaintiff does not plausibly allege reasonable reliance on the Waffles'
                labels given her claimed knowledge regarding protein sources...............12

        C.      Plaintiff's common law fraud and unjust enrichment claims also fail
                because she fails to plausibly allege reliance on the omitted DV%.........14

        D.      Plaintiff's FAC should be dismissed because it fails to satisfy the
                heightened pleading standards of Rule 9(b)............................................14

        E.      Plaintiff's FAC should be dismissed with prejudice.................................15

VI.     CONCLUSION ..........................................................................................................16

1

**TABLE OF AUTHORITIES**

2

Page(s)

3

**CASES**

4

*Becerra v. Dr Pepper/Seven Up, Inc.*,
  2018 WL 3995832 (N.D. Cal. Aug. 21, 2018) (Orrick, J.) .........................................................6

5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................................6

6

7

*Bronson v. Johnson & Johnson, Inc.*,
  2013 WL 1629191 (N.D. Cal. Apr. 16, 2013) .........................................................................8, 9

8

9

*Brown v. Food for Life Baking Co.*,
  No. 3:21-cv-10054-RS (N.D. Cal. Dec. 29, 2021) .....................................................................7

10

11

*Brown v. The J.M. Smucker Co.*,
  No. 4:21-cv-06467-HSG (N.D. Cal. Aug. 20, 2021) ..................................................................7

12

*Brown v. Kellogg Co.*,
  2022 WL 983268 (N.D. Cal. Apr. 1, 2022), *appeal filed*, No. 22-15658 (9th
  Cir. May 2, 2022) ........................................................................................................................3

13

14

*Brown v. Kellogg Co.*,
  No. 3:21-cv-07388-VC (N.D. Cal. Sept. 22, 2021) ....................................................................7

15

16

*Brown v. Nature's Path Foods, Inc.*,
  2022 WL 717816 (N.D. Cal. Mar. 10, 2022) ..........................................................................2, 7

17

18

*Bush v. Mondelez*,
  2016 WL 5886886 (N.D. Cal. Oct. 7, 2016) ............................................................................12

19

*Chong v. Kind LLP*,
  2022 WL 464149 (N.D. Cal. Feb. 15, 2022) ..............................................................................2

20

21

*Chong v. Nestlé Waters N. Am., Inc.*,
  2020 WL 7690175 (C.D. Cal. Nov. 30, 2020) .......................................................................6, 14

22

23

*Conservation Force v. Salazar*,
  646 F.3d 1240 (9th Cir. 2011) ....................................................................................................6

24

25

*Cullen v. Netflix, Inc.*,
  2013 WL 140103 (N.D. Cal. Jan. 10, 2013) ..............................................................10, 11, 15

26

*Douglas v. Talk Am., Inc.*,
  2010 WL 11508339 (C.D. Cal. Oct. 19, 2010) ..........................................................................8

27

28

*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 1362–63 (2010) ...................................................................9

*Elias v. Hewlett-Packard Co.*,
    950 F. Supp. 2d 1123 (N.D. Cal. 2013) .................................................................16

*Gardner v. Health Net, Inc.*,
    2010 WL 11597979 (C.D. Cal. Aug. 12, 2010)........................................10, 11, 15

*Gerard v. Wells Fargo Bank, N.A.*,
    2015 WL 12780486 (C.D. Cal. May 19, 2015) ......................................................16

*Golden v. Home Depot U.S.A.*,
    (N.D. Cal. May 21, 2020) ......................................................................................10

*Green v. Canidae Corp.*,
    2010 WL 11507372 (C.D. Cal. Jan. 29, 2010) .....................................................8, 9

*Guttman v. La Tapatia Tortilleria, Inc.*,
    2015 WL 7283024 (N.D. Cal. Nov. 18, 2015)............................................12, 13, 14

*Harry v. KCG Ams. LLC*,
    2018 WL 4075885 (N.D. Cal. Aug. 27, 2018)......................................................9, 10

*Hinkley v. Mills*,
    2022 WL 1767108 (D. Utah Apr. 26, 2022) ...........................................................3

*In re iPhone Application Litig.*,
    6 F. Supp. 3d 1004 (N.D. Cal. 2013) ....................................................................9

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ........................................................................................8, 9

*Jones v. Nutiva*,
    2017 WL 3617104 (N.D. Cal. Aug. 23, 2017)........................................................15

*Kane v. Chobani, Inc.*,
    2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) .............................................9, 10, 13

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)...........................................................................6, 14

*Krouch v. Wal-Mart Stores, Inc.*,
    2014 WL 5463333 (N.D. Cal. Oct. 28, 2014).........................................................14

*Maxwell v. Unilever United States, Inc.*,
    2018 WL 1536761 (N.D. Cal. Mar. 29, 2018)...................................................12, 13

*Nacarino v. Kashi Co.*,
   2022 WL 390815 (N.D. Cal. Feb. 9, 2022), *appeal filed*, No. 22-15377 (9th
   Cir. Mar. 14, 2022) ...........................................................................................................2

*O'Shea v. Epson Am., Inc.*,
   566 F. App'x 605 (9th Cir. 2014) ...................................................................................9

*Pardini v. Unilever United States, Inc.*,
   961 F. Supp. 2d 1048 (N.D. Cal. 2013) ...................................................................13, 14

*Robinson v. Unilever United States, Inc.*,
   2018 WL 6136139 (C.D. Cal. June 25, 2018) ..............................................................15

*Romero v. Flowers Bakeries, LLC*,
   2015 WL 2125004 (N.D. Cal. May 6, 2015) ................................................................14

*Ruiz v. Nat'l City Bank*,
   2010 WL 1006412 (E.D. Cal. 2010) ..............................................................................16

*Swartz v. Dave's Killer Bread, Inc.*,
   2022 WL 1766463 (N.D. Cal. May 20, 2022) ............................................................2, 7

*Swearingen v. Late July Snacks LLC*,
   2017 WL 4641896 (N.D. Cal. Oct. 16, 2017) ..............................................................12

*Tomek v. Apple Inc.*,
   636 F. App'x 712 (9th Cir. 2016) .................................................................................15

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ........................................................................................6

*Williamson v. Reinalt-Thomas Corp.*,
   2012 WL 1438812 (N.D. Cal. Apr. 25, 2012) ..............................................................12

*Wilson v. Frito-Lay N. Am., Inc.*,
   2013 WL 1320468 (N.D. Cal. Apr. 1, 2013) .............................................................6, 14

**STATUTES**

CAL. BUS. & PROF. CODE § 17204 .....................................................................................7

California's Consumer Legal Remedies Act.............................................................. passim

California's False Advertising Law ........................................................................... passim

California's Unfair Competition Law ........................................................................ passim

**RULES**

Fed. R. Civ. P. 8(a)...........................................................................................................13

Fed. R. Civ. P. 9(b) ................................................................................ passim

Fed. R. Civ. P. 12(b)(6) .......................................................................... 6

**REGULATIONS**

21 C.F.R. § 101.9 ............................................................................... 5, 11

21 C.F.R. § 101.9(c)(7)(i) .................................................................. 5, 12

21 C.F.R. § 101.10 .................................................................................. 5

21 C.F.R. § 101.13(n) ..................................................................... 5, 11, 12

21 C.F.R. § 101.36 .................................................................................. 5

## I.   INTRODUCTION

The bulk of Plaintiff Molly Brown's initial Complaint failed for a fundamental reason: Plaintiff's core theory of liability had no basis in law. Plaintiff had attacked the statement "10g PLANT-BASED Protein" appearing on the front panel of Defendant Van's International's ("Van's") waffles as misleading, contending that Van's was required to calculate the "10g" amount of protein using Plaintiff's preferred method. Over the last six months this theory—one that appears to have been concocted by Plaintiff's lawyers—has been uniformly rejected by the six different federal judges to consider it, including this Court.

The portion of the case that remains in the First Amended Complaint ("FAC") fails for an even more basic reason: Plaintiff has no legal right to assert the claims she advances. The FAC is Plaintiff's attempt to bootstrap back into viability her challenge to the "10g PLANT-BASED Protein" statement, by contending that statement is misleading when read in conjunction with her allegation that the labels did not include a statement of the percentage of Daily Value ("DV%") of protein. But as this Court held in dismissing the first Complaint, Plaintiff can only maintain this theory if she relied on the omission of this DV%—in conjunction with the "10g PLANT-BASED Protein" claim—when making her purchase. This reliance is required because, as a matter of settled California law (and basic logic), to maintain statutory standing Plaintiff must have been harmed "as a result of" Van's' conduct. So, if Plaintiff never *relied* on Van's' alleged misrepresentations or omissions, she was necessarily never *harmed* by that conduct.

Despite being given clear instructions from the Court on what was required, Plaintiff's FAC fails to plead the necessary reliance. In place of an unequivocal statement that she relied on the omission of the DV% when she made her purchase, is a vague allegation that at an unspecified point in time she once "looked at and read the NFP [Nutrition Facts Panel]" for the product. FAC ¶ 57. This allegation does not state with clarity that, at this or any other time, she reviewed the DV% column for protein as distinguished from the host of other information on the product's NFP. Nor does she allege that she relied on the DV% omission at the same time she relied on the "10g PLANT-BASED Protein" claim, which this Court explained is essential to the viability of her case. To the contrary, other allegations in the FAC contradict the inference that she relied on the

1    DV% omission at all, as Plaintiff admits that she ignores this portion of the label when no DV% is

2    provided. And in an allegation that that further confirms her unsuitability as a Plaintiff for this case,

3    the FAC reveals that Plaintiff is a vegan who admits to knowing that plant-based proteins do not

4    necessarily provide the same amount of protein as other sources, in that she alleges her diet of plant-

5    based proteins makes it "difficult" to achieve the full DV% recommended. *Id.* Thus, the most

6    reasonable inference to be drawn from the FAC is that Plaintiff understands "PLANT-BASED"

7    proteins are not necessarily equivalent to other protein sources in terms of their contribution to

8    DV%.

9         The FAC should be dismissed in full and with prejudice.

10                          **II.    FACTUAL BACKGROUND**

11       **A.    Plaintiff's initial Complaint was dismissed in full, with leave to amend
              permitted on the issue of reliance.**

12
         Plaintiff's initial Complaint was premised substantially on an allegation she was misled by

13
     the claim "10g PLANT-BASED Protein" appearing on the front panel of Van's Power Grains

14
     Protein Original Waffles, along with other products bearing similar claims (collectively "Waffles").

15
     *See* Dkt. No. 1 ("Compl.") ¶¶ 7, 39, 53. The Complaint's principal contention was that this "10g

16
     PLANT-BASED Protein" claim overstated the amount of digestible protein in the Waffles, with

17
     Plaintiff alleging that a specific form of protein testing was required to report that figure. *Id.* ¶¶ 5–

18
     7, 19, 39. Van's moved to dismiss on grounds that Plaintiff's claim was expressly preempted, as

19
     the FDA specifically permits food manufacturers to calculate protein quantity in the manner Van's

20
     had done, using a nitrogen-based methodology that the relevant regulation allows. *See* Mot. to

21
     Dismiss at 8–14 (Dkt. No. 20). This Court agreed with Van's' express preemption argument and

22
     dismissed with prejudice Plaintiff's claims challenging the "10g PLANT-BASED Protein"

23
     statement. *See* Dkt. No. 32 (hereinafter "Dismissal Order"). At least five other federal judges,

24
     addressing complaints filed by the same Plaintiff's counsel and advancing the same flawed theory,

25
     have dismissed substantively identical claims.[1]

26

27       ─────────────
         [1] *See Chong v. Kind LLP*, 2022 WL 464149 (N.D. Cal. Feb. 15, 2022); *Nacarino v. Kashi
28   Co.*, 2022 WL 390815 (N.D. Cal. Feb. 9, 2022), *appeal filed*, No. 22-15377 (9th Cir. Mar. 14,
     2022); *Swartz v. Dave's Killer Bread, Inc.*, 2022 WL 1766463 (N.D. Cal. May 20, 2022); *Brown*

To bolster the legally-erroneous assertion that the "10g PLANT-BASED Protein" claim was improperly calculated, Plaintiff also alleged Van's improperly omitted a percentage Daily Value ("DV") for protein on the Waffles' Nutrition Facts Panel ("NFP"). Compl. ¶¶ 6, 33. Plaintiff asserted that the omission of this DV%, which she further alleged must be reported using the Protein Digestibility Corrected Amino Acid Score ("PDCAAS"), rendered the "10g PLANT-BASED Protein" front-panel claim misleading. *Id* ¶¶ 7, 38–39. The Court explained that the alleged omission of the DV% is a "critical part of Brown's legal theory" because it is that omission that purportedly made the "10g PLANT-BASED Protein" claim misleading. Dismissal Order at 18.

The Court dismissed this omission-based claim as well, however, because Plaintiff did not allege she relied on the omitted DV%, explaining that such reliance was a required element of her claims. Dismissal Order at 18–20. The Court specifically instructed that in any amended pleading Plaintiff would have to allege, "that the omission of the digestibility-adjusted sum contributed to her decision to purchase the Products." *Id.* So, for an amended pleading to survive the Court instructed that Plaintiff must "plausibly allege that she was deceived by the omission of the digestibility-adjusted protein figure from the Nutrition Facts panels." *Id.*; *see also id.* at 20 (requiring that for her claims to proceed Plaintiff must "allege whether she saw and relied upon the Nutrition Facts labels for the Products at issue").

### B. Plaintiff's First Amended Complaint does not contain any express allegation of fact that she relied on the omission of the DV% when purchasing the Waffles.

Plaintiff filed her First Amended Complaint ("FAC") on May 31, 2022. The allegations going to Plaintiff's reliance on the DV% omission are largely confined to paragraph 57 of the FAC. Plaintiff does not expressly allege here, nor elsewhere in the FAC, that she relied upon the omission of the DV% for protein in making any of her Waffles purchases.

Instead, Plaintiff alleges only that she "looked at and read the NFP on the Products before purchasing them for the first time." FAC ¶ 57. She does *not*, however, allege that in so doing she specifically relied on the omission of the DV%—which is just one of several pieces of information

---

*v. Nature's Path Foods, Inc.*, 2022 WL 717816 (N.D. Cal. Mar. 10, 2022); *Brown v. Kellogg Co.*, 2022 WL 983268 (N.D. Cal. Apr. 1, 2022), *appeal filed*, No. 22-15658 (9th Cir. May 2, 2022); *Hinkley v. Mills*, 2022 WL 1767108 (D. Utah Apr. 26, 2022).

contained on the NFP. *Id.* Other pertinent facts are omitted from this allegation: She does not allege when she made this purchase, nor does she allege what (if any) information on the NFP she relied on at that (unspecified) time.

As it pertains to the omission of the DV%, the FAC avoids using the words "reliance" or "rely" altogether. This failure to provide a specific and direct allegation of fact that she relied on the omission of the DV% when she purchased the Waffles can be contrasted with other allegations in the FAC where Plaintiff explicitly pleads such reliance. *Compare* FAC ¶ 57 (Plaintiff "looked at and read the NFP") *with* FAC ¶ 56 ("she purchased the Van's Protein Waffles in the original flavor *after reading and relying on the representation* of '10g PLANT-BASED protein' per serving") and FAC ¶ 58 ("she purchased the Vans Protein Original Waffles, *relying on the representation* of '10g PLANT-BASED protein' per serving") (emphases added).

Nor does Plaintiff allege that when she made this "first time" purchase and "looked at and read" some unspecified portion of the NFP, that she also read and relied on the "10g PLANT-BASED Protein" statement as part of this purchase. FAC ¶ 57. So, even though the Court explained that a "critical part of Brown's legal theory" is that the omission of the DV% and the "10g PLANT-BASED Protein" claims had to have been considered *in conjunction* for Plaintiff to state a valid claim, Dismissal Order at 18, this fact is not alleged.

The FAC further alleges in general terms, and without regard to the Waffles specifically, that "[Plaintiff] examines the DV% column for protein when manufacturers provide that information, although not all always do." FAC ¶ 57. Thus, the implication is that she did *not* consider this omitted information for the Waffles in the NFP, given that Plaintiff contends she only examines that column "when manufacturers provide that information." *Id.* There are no other facts provided as to Plaintiff's alleged reliance on the omission of the DV%.

Several new allegations in the FAC also go to Plaintiff's particularized knowledge of protein sources. Plaintiff alleges that she "is a vegan and her youngest child is a vegetarian, which means that protein is very important to her and her family." *Id.* Plaintiff further alleges an awareness that "as a vegan and a mom to a vegetarian child, she needs to make sure that they all receive their daily recommended protein, which can be difficult to do." *Id.* Thus, the logical inference from these

-4-

allegations is that Plaintiff is aware that consuming plant-based sources of protein—which are those that a vegetarian or vegan would consume—make it more "difficult" to ensure that the full daily recommended value of protein is consumed. *Id.* And Plaintiff affirms that she understood that the protein in Van's Waffles is "PLANT-BASED" as she continues to allege she relied on this language when she purchased the Waffles. FAC ¶¶ 56, 58.

Finally, Plaintiff now alleges the omission of the DV% is unlawful through application of an additional federal regulation, 21 C.F.R. § 101.13(n). *Id.* ¶¶ 6, 19, 41. That regulation states: "Nutrition labeling in accordance with 21 C.F.R. 101.9, 101.10, or 101.36, as applicable, shall be provided for any food for which a nutrient content claim is made." Plaintiff further alleges that 101.13(n) has been violated because Van's purportedly did not comply with § 101.9(c)(7)(i) regarding the alleged omission of a DV% for the Waffles. FAC ¶ 19 (alleging that "Defendant's failure to comply with § 101.9" is what triggers alleged violation of § 101.13(n)). Thus, according to Plaintiff's own allegations, any violation of 101.13(n) is premised on an alleged violation of 101.9(c)(7)(i)—the same regulation relied on in the prior Complaint for which the Court previously determined reliance was required for Plaintiff's claims to proceed. Dismissal Order at 11–12; *id.* at 17–19 (determining that omission theory based on § 101.9(c)(7)(i) and later determining that reliance on omitted DV% required to assert this theory).

Plaintiff's FAC asserts the same causes of action that the Court previously dismissed for failing to specifically allege reliance on the omitted DV%:  (1) violations of the unlawful, unfair, and fraud prongs of California's Unfair Competition Law ("UCL") (First Cause of Action); (2) violations of California's Consumer Legal Remedies Act ("CLRA") (Second Cause of Action) (3) violations of California's False Advertising Law ("FAL") (Third Cause of Action); (4) common law fraud, deceit and/or misrepresentation (Fourth Cause of Action); and (5) unjust enrichment (Fifth Cause of Action). FAC ¶¶ 69–119.

### III.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether Plaintiff's failure to plead reliance on the omitted DV% deprives her of statutory standing for her UCL, FAL, and CLRA claims.

2.      Whether Plaintiff's allegations pertaining to the omitted DV%, given her other allegations regarding her status as a vegan and that status' bearing on protein consumption, render her reliance allegations unreasonable and implausible.

3.      Whether Plaintiff's failure to plead reliance on the omitted DV% requires dismissal of her common law claims.

4.      Whether Plaintiff's allegation that she "looked at and read" the Waffles' NFP the "first time" she purchased the product satisfies the specificity requirements of Rule 9(b).

## IV.      LEGAL STANDARDS

### A.      Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation omitted); *see also Becerra v. Dr Pepper/Seven Up, Inc.*, 2018 WL 3995832, at *3–4 (N.D. Cal. Aug. 21, 2018) (Orrick, J.) (implausible facts pled under a cognizable legal theory).

### B.      Rule 9(b)

The plaintiff bears the burden of pleading all claims "grounded in fraud . . . with particularity." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1122 (9th Cir. 2009). To survive the heightened pleading standard of Rule 9(b), the plaintiff must plead "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Where several claims rely on the same "unified course of fraudulent conduct," then the plaintiff's "entire Complaint must satisfy Rule 9(b)," including California statutory claims under the UCL, CLRA, and FAL. *Kearns*, 567 F.3d at 1122; *Chong v. Nestlé Waters N. Am., Inc*., 2020 WL 7690175, at *5 (C.D. Cal. Nov. 30, 2020); *Wilson v. Frito-Lay N. Am., Inc*., 2013 WL 1320468, at *5 (N.D. Cal. Apr. 1, 2013) (applying Rule 9(b) to plaintiff's full complaint based on allegedly deceptive labeling and advertising practices).

1

## V.    ANALYSIS

2

### A.    Plaintiff lacks standing for her statutory claims because she fails to plausibly allege reliance on the allegedly omitted DV% claim.

3

4

As this Court correctly held, Plaintiff's UCL, CLRA, and FAL claims require Plaintiff to

5

specifically allege reliance on the omitted DV% on the Waffles' labels for statutory standing. *See*

6

Dismissal Order at 17. In so holding, this Court joined other federal courts who have dismissed

7

substantially identical claims filed by the same Plaintiff's counsel—including another protein-

8

related lawsuit filed by Plaintiff Brown—where the plaintiff attacked the alleged omission of a

9

DV% for protein but failed to plead reliance on that omission. *See Brown v. Nature's Path Foods*,

10

2022 WL 717816, at *4 (dismissing claim filed by same named Plaintiff pertaining to alleged

11

omission of DV%) ("But to have standing to pursue this claim, Plaintiffs must plausibly allege that

12

they themselves were deceived by the omission. They have not done so."); *Swartz*, 2022 WL

13

1766463, at *6 ("Plaintiff does not allege that he read or relied upon the nutrition labels prior to

purchasing defendants' products.").[2]

14

So, as the Court explained, to obtain statutory standing for her FAL, CLRA, or UCL claims,

15

Plaintiff "must also allege that she relied on the defendant's purported misrepresentations and

16

suffered economic injury as a result." Dismissal Order at 17 (citing *Kwikset Corp. v. Superior Ct.*,

17

51 Cal. 4th 310, 326 (2011)); *see also* CAL. BUS. & PROF. CODE § 17204 (statutory standing for

18

UCL requires allegation that plaintiff "lost money or property *as a result of*" alleged wrongdoing

19

by the defendant) (emphasis added).  The initial Complaint failed to meet this standard and was

20

dismissed as a result. Dismissal Order at 17-18. Plaintiff's FAC does not cure this defect, as the

21

relevant legal standards for determining adequacy of reliance confirm in multiple ways that her

22

allegations are insufficient.

23

***First***, reliance allegations for statutory standing under the UCL, CLRA, and FAL, must be

24

construed narrowly given that the reliance element is intended to bar uninjured plaintiffs from

25

26

---

[2] This lawsuit and the *Nature's Path* action is one of several lawsuits that Plaintiff Molly Brown has filed challenging protein-related claims on plant-based foods. *See Brown v. Food for Life Baking Co.*, No. 3:21-cv-10054-RS (N.D. Cal. Dec. 29, 2021) (brought by named Plaintiff Molly Brown); *Brown v. Kellogg Co.*, No. 3:21-cv-07388-VC (N.D. Cal. Sept. 22, 2021) (same); *Brown v. The J.M. Smucker Co.*, No. 4:21-cv-06467-HSG (N.D. Cal. Aug. 20, 2021) (same).

27

28

bringing claims. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) ("[B]ecause it is clear that *the overriding purpose of Proposition 64 was to impose limits on private enforcement actions under the UCL*, we must construe the phrase 'as a result of' in light of this intention *to limit such actions.* Therefore, we conclude that this language imposes an actual reliance requirement….") (emphases added); *Douglas v. Talk Am., Inc.*, 2010 WL 11508339, at *6 (C.D. Cal. Oct. 19, 2010) ("*In re Tobacco II Cases* also suggested that, because the objective of Proposition 64 'was to impose limits on private enforcement actions under the UCL,' the statutory language 'as a result of' should be construed to effectuate that purpose."). In keeping with the case-limiting intent of this reliance requirement, vague and non-specific allegations do not suffice. *See Green v. Canidae Corp.*, 2010 WL 11507372, at *6 (C.D. Cal. Jan. 29, 2010) (rejecting plaintiff's "vague allegations" regarding reliance as insufficient given the "overriding purpose of Proposition 64" to limit private enforcement actions); *Bronson v. Johnson & Johnson, Inc.*, 2013 WL 1629191, at *2 (N.D. Cal. Apr. 16, 2013) (plaintiff failed to establish standing for UCL, FAL, and CLRA claims with "vague" allegations of reliance on certain misrepresentations and omissions). The FAC's reliance allegations are inadequate under these standards, as they indicate Plaintiff is an uninjured party relying on vague reliance allegations to concoct a claim where none properly lies.

Put bluntly, the FAC contains *no* express allegation of fact that the Plaintiff relied on the omission of the DV% on the Waffles' labels. *See* FAC ¶ 57. And there can be no confusion on Plaintiff's part that a specific allegation was needed. *See* Dismissal Order at 19 (Plaintiff must "plausibly allege that she was *deceived by the omission of the digestibility-adjusted protein figure from the Nutrition Facts panels*") (emphasis added). In place of the required allegation, Plaintiff merely alleges that for her "first" purchase of the Waffles she "looked at and read the NFP." FAC ¶ 57. But this exactly the sort of "vague" allegation of reliance that the law does not permit. *Green*, 2010 WL 11507372, at *6; *Bronson*, 2013 WL 1629191, at *2.

The NFP contains a variety of nutritional content, most of which is unrelated to a food's protein quantity. An equivocal reference to some unrealized potential that Plaintiff might have relied on the protein-related portion of the NFP is, as a matter of law, not enough to satisfy the statutory standing requirement of *actual* reliance. *See In re iPhone Application Litig.*, 6 F. Supp.

-8-

3d 1004, 1025 (N.D. Cal. 2013) (evidence to show that the plaintiff was exposed to the alleged misrepresentation insufficient to establish actual reliance necessary for statutory standing) ("Accordingly, the existence of Plaintiffs' iTunes accounts does not, by itself, demonstrate that Plaintiffs actually read and relied on any misrepresentations contained in the updated Privacy Policy from July 2010."); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350 1362–63 (2010) (plaintiff's signature on disputed agreement insufficient to establish that she relied on particular terms within that agreement); *accord O'Shea v. Epson Am., Inc.*, 566 F. App'x 605, 606 (9th Cir. 2014) (noting that plaintiff must establish actual reliance for an omissions claim by demonstrating "that had the omitted information been disclosed, [he or she] would have been aware of it and behaved differently" and dismissing plaintiffs' omission-based claims for lack of actual reliance "because none of the Plaintiffs read [Defendant's] disclosures.").

In effect, Plaintiff wants this Court to re-write her allegation that she "looked at and read the NFP," FAC ¶ 57, to instead read that she "~~looked at and read the NFP~~ reviewed and relied on the omission of the DV% on the NFP." But this construction of the FAC runs directly contrary to the California Supreme Court's instruction that the "overriding purpose" of the reliance requirement for UCL claims was to "impose limits" on the ability of private plaintiffs to bring claims where they have not, in fact, been injured by the defendant's conduct. *In re Tobacco II Cases*, 46 Cal. 4th at 326.

**Second**, the plausibility of Plaintiff's reliance allegations must be construed in light of FAC's remaining allegations. *See Harry v. KCG Ams. LLC*, 2018 WL 4075885, at *7 (N.D. Cal. Aug. 27, 2018) (contradictory allegations are implausible "especially given the heightened pleading requirement under Federal Rule of Civil Procedure 9(b)"); *Kane v. Chobani, Inc.*, 2013 WL 5289253, at *7 (N.D. Cal. Sept. 19, 2013) (plaintiff's reliance allegations as to meaning of "evaporated cane juice" deemed "simply not plausible" in light of plaintiffs' other allegations about their understanding of sugar). Here, the FAC itself discredits the sufficiency of the reliance allegations regarding the omitted DV% in multiple ways.

When referring to the front-panel "10g PLANT-BASED Protein" claim, the FAC plainly states that Plaintiff relied on this language. *See* FAC ¶ 56 ("she purchased the Van's Protein Waffles

-9-

in the original flavor *after reading and relying on the representation* of '10g PLANT-BASED protein' per serving") (emphasis added); *id.* ¶ 58 (same). This specificity stands in direct contrast to Plaintiff's silence on whether she even relied on the omission of the DV% for protein at all. *Id.* ¶ 57 (alleging only that Plaintiff "looked at and read the NFP"). Elsewhere, the FAC affirmatively suggests that she did *not* look at the DV% of the NFP, because Plaintiff states that she only examines that portion of the NFP "when manufacturers provide that information." *Id*. Yet, the FAC elsewhere contends that no DV% was provided on the Waffles. *Id.* ¶¶ 6, 18–19, 37, 41, 58. So, Plaintiff's own description of her practices for reviewing product labels creates a strong inference that she did *not* consider the omitted DV% when she reviewed the Waffles' labels. These contradictory allegations cannot be credited for statutory standing. *Harry*, 2018 WL 4075885, at *7; *Kane*, 2013 WL 5289253, at *7.

**Third**, when evaluating a complaint's reliance allegations, courts consider whether the specific instance of reliance pointed to caused the plaintiff's claimed harm. *See Cullen v. Netflix, Inc.*, 2013 WL 140103, at *4–5 (N.D. Cal. Jan. 10, 2013) (plaintiff claimed reliance on defendant's statements made in 2011 deemed inadequate when alleged-injury causing purchase occurred in 2009); *Gardner v. Health Net, Inc*., 2010 WL 11597979, at *11 (C.D. Cal. Aug. 12, 2010) ("[T]here are no allegations in the [complaint] linking the timing of Plaintiffs' enrollment [the claimed injury] with any reliance on Defendant's statements."); *see also cf. Golden v. Home Depot U.S.A.*, 2020 WL 2571431, at *4 (E.D. Cal. May 21, 2020) (reliance element of UCL, CLRA and FAL claims not satisfied where plaintiff's reliance on alleged misleading statements occurred "weeks" or "months" after injury-causing purchase). The FAC fails this aspect of reliance law, too, because the FAC does not allege that Plaintiff relied on the omitted DV% at the time of the purchase that caused her alleged injury.

As this Court held, a "critical part of Brown's legal theory," is that the DV% omission is only allegedly misleading when relied on in conjunction with the front-label "10G PLANT-BASED Protein." *See* Dismissal Order at 18 (alleged misleading nature of "10G PLAINT-BASED Protein" claim "*because* [Van's] failed to include the required protein digestibility-adjusted figure on the Nutrition Facts label") (emphasis in original). Despite the Court's determination that there needs to

-10-

1  be a linkage of these two elements of the Waffles' labels for Plaintiff's theory of liability to survive,

2  the FAC does *not* allege with specificity that she considered *any* aspect of the NFP—much less the

3  omitted DV%—in conjunction with her reliance on the "10g PLANT-BASED Protein" claim.

4       To the contrary, the FAC decouples these reliance allegations. As to any reliance on the

5  NFP, the FAC points only to the "first time" she purchased an unspecified variety of the Waffles

6  and does not allege that she considered the "10g PLANT-BASED Protein" claim at the time of this

7  purchase. FAC ¶ 57. Reliance on the "10g PLANT-BASED Protein" is then dealt with separately,

8  with Plaintiff alleging that she relied on this claim when "she purchased the Van's Protein Waffles

9  in the original flavor," and then goes onto allege that this representation is what misled her. FAC

10 ¶ 56. Yet, she never alleges that these label elements were read and relied on together for any

11 particular purchase, despite the Court's Dismissal Order explaining that this is required for any

12 viable claim. Dismissal Order at 18. Even if this Court ignored that Plaintiff's review of the NFP

13 does not claim any reliance on the omitted DV%, there is no plausible allegation that the review of

14 the NFP was an injury-causing purchase, because there was no accompanying review of the "10g

15 PLANT-BASED Protein" claim. Thus, Plaintiff's allegations of reliance also fail because there is

16 no allegation that this review of the NFP was the cause of any claimed deception or harm. *Cullen*,

17 2013 WL 140103, at *4–5; *Gardner*, 2010 WL 11597979, at *11.

18       ***Last***, Plaintiff's new allegations pertaining to 21 C.F.R. § 101.13(n) have no bearing on the

19 Court's prior holding that she must allege reliance. Section 101.13(n) merely refers to the nutrition

20 labeling requirement established by § 101.9, and states that labeling "in accordance with" § 101.9

21 "shall be provided for any food for which a nutrient content claim is made." 21 C.F.R. § 101.13(n).

22 This regulation is therefore, for purposes of Plaintiffs' claims, redundant of her existing reliance on

23 21 C.F.R. § 101.9(c)(7)(i) to allege that the omission of the DV% on the Waffles labels is

24 misleading. Compare Compl. ¶¶ 5–6, 42, 69 (tethering claims to alleged non-compliance with

25 § 101.9(c)(7)(i)) *with* FAC ¶ 19 (alleging § 101.13(n) is implicated because of alleged non-

26 compliance with § 101.9(c)(7)(i)). Because the Court has already determined that reliance must be

27 pled to advance this theory, the inclusion of § 101.13(n) in the FAC does not relieve Plaintiff from

28 that obligation. *Swearingen v. Late July Snacks LLC*, 2017 WL 4641896, at *2 (N.D. Cal. Oct. 16,

2017) (alleged violations of food labeling requirements require reliance where plaintiff's theory is based on misrepresentations); *accord* Dismissal Order at 17–18 (reliance required for DV% omission theory).

### B. Plaintiff does not plausibly allege reasonable reliance on the Waffles' labels given her claimed knowledge regarding protein sources.

The "reliance" needed for statutory standing under the UCL, CLRA and FAL is "reasonable" reliance. *See Bush v. Mondelez*, 2016 WL 5886886, at *4 (N.D. Cal. Oct. 7, 2016) ("Even claims based on unlawful misrepresentations require a showing of *reasonable reliance under the UCL.*") (emphasis added); *Williamson v. Reinalt-Thomas Corp.*, 2012 WL 1438812, at *8 (N.D. Cal. Apr. 25, 2012) ("To establish standing as a class representative for a misrepresentation claim under the FAL or CLRA, a plaintiff must show he personally lost money or property because of his own *actual and reasonable reliance* on the allegedly untrue or misleading statements.") (emphasis added).

Thus, when a plaintiff's knowledge or conduct discredits the reasonableness of the claimed reliance, statutory standing is not met. *Guttman v. La Tapatia Tortilleria, Inc.*, 2015 WL 7283024, at *4 (N.D. Cal. Nov. 18, 2015) (dismissing claim for lack of statutory standing where he could not "plausibly show that he relied on [the defendant's] alleged misrepresentations" given plaintiff's admissions that he understood the facts pertaining to the alleged deception); *Maxwell v. Unilever United States, Inc.*, 2018 WL 1536761, at *4 (N.D. Cal. Mar. 29, 2018) (plaintiff's claim that defendant misleadingly omitted disclosure of artificial ingredients not reasonable or plausible given plaintiff's knowledge of the product's actual ingredients); *Williamson*, 2012 WL 1438812, at *8 (deeming plaintiff's omission-based reliance allegations pertaining to tire-disposal fee implausible where conduct in accepting the tire installation at agreed-upon price discredited that allegation).

Here, the FAC's allegations undermine any "reasonable" reliance by Plaintiff as to the alleged omission of the DV%. Plaintiff alleges that her status as a vegan, and her daughter's status as a vegetarian, make her attuned to whether she is getting sufficient protein. FAC ¶ 57 (Plaintiff alleging she "is a vegan and her youngest child is a vegetarian, which means that protein is very important to her and her family"). She goes on to admit that her vegan diet, which requires

1   consuming plant-based protein exclusively for protein intake, makes it "difficult" to receive a full

2   amount of "daily recommended protein." *Id.* And Plaintiff affirms that she understood that the

3   protein in Van's Waffles is "PLANT-BASED." FAC ¶¶ 56, 58. It is therefore not *reasonable*

4   reliance, given this knowledge, for Plaintiff to have "assumed" that the plant-based protein in the

5   Waffles would all be digestible. The most logical inference to be drawn from Plaintiff's allegations

6   is that she knows that plant-based protein may not contribute equally to "recommended daily value"

7   of protein as compared to other sources, thus her allegation that consuming a diet of plant-based

8   foods make it more "difficult" to get the full daily recommended intake. FAC ¶ 57.

9         Plaintiff's awareness of facts that discredit her theory of deception mean her contrary

10   reliance allegations should be disregarded as unreasonable and implausible. *Guttman*, 2015 WL

11   7283024, at *3 (plaintiff's knowledge regarding partially hydrogenated oil discredited plausibility

12   of his allegation that he was deceived by defendant's labeling relating to that ingredient); *Maxwell*,

13   2018 WL 1536761, at *4 ("[T]he TAC fails to explain how Plaintiff could have read the words

14   'phosphoric acid' and 'citric acid' (or otherwise read the [] label) and been lead to believe that [the

15   product] did not contain artificial flavors.") (deeming omission-based reliance allegations

16   implausible under both Rule 8(a) and 9(b)); *accord Kane*, 2013 WL 5289253, at *7 (plaintiffs'

17   reliance allegations regarding evaporated cane juice "simply not plausible" in light of plaintiffs'

18   other allegations about their understanding of sugar); *Pardini v. Unilever United States, Inc*., 961

19   F. Supp. 2d 1048, 1060 (N.D. Cal. 2013) (dismissing UCL, CLRA, and common law fraud claims

20   based on plaintiff's "implausible [allegations] that she was deceived by the [nutrition panel's] lack

21   of disclosures").[3]

22

23         [3] The *Guttman* motion to dismiss was decided after the court ordered limited and targeted
      discovery on the issue of standing, including the plaintiff's statutory standing to assert her UCL,

24   CLRA, and FAL claims. *See* 2015 WL 7283024, at *1 ("Defendant…moved to dismiss this putative
      class action on the basis that plaintiff … lacked standing to assert the claims alleged in the

25   complaint. The Court issued an order examining this issue.") (internal citations omitted). This
      limited discovery was one-way and directed at the plaintiff's standing, and it confirmed the

26   implausibility of his reliance allegations. *Id.* at *5 (describing admissions obtained by plaintiff
      regarding standing). Although Van's believes the FAC is incurably deficient as pled, to the extent

27   the Court considers the FAC ambiguous as to Plaintiff's lack of reliance, Van's requests that the
      Court order similar targeted discovery going to Plaintiff's reliance and standing following the

28   procedures implemented in *Guttman*.

-13-

**C.  Plaintiff's common law fraud and unjust enrichment claims also fail because she fails to plausibly allege reliance on the omitted DV%.**

Plaintiff's claim for common law fraud also requires plausible allegations of reliance. *Pardini*, 961 F. Supp. 2d at 1060 (dismissing common law fraud claim because of defective reliance allegations); *Romero v. Flowers Bakeries, LLC*, 2015 WL 2125004, at *4 (N.D. Cal. May 6, 2015) (dismissing UCL, CLRA, and common law fraud claims because the "vague allegation" pertaining to reliance). Similarly, unjust enrichment claims premised on misrepresentations not relied on by the plaintiff are also not cognizable. *Krouch v. Wal-Mart Stores, Inc.*, 2014 WL 5463333, at *8 (N.D. Cal. Oct. 28, 2014) (because unjust enrichment requires that defendant caused plaintiff's injury, reliance is required). The failure of reliance for Plaintiff's UCL, CLRA, and FAL claims, *see supra* Parts V.A–B, necessarily means her fraud and unjust enrichment claims must be dismissed as well. *See* Dismissal Order at 25 (all claims dismissed because of lack of reliance).

**D.  Plaintiff's FAC should be dismissed because it fails to satisfy the heightened pleading standards of Rule 9(b).**

Plaintiff's FAC is premised on an alleged "unified course of fraudulent conduct," and so her "entire Complaint must satisfy Rule 9(b)," including her claims under the UCL, CLRA, and FAL. *Kearns*, 567 F.3d at 1122; *Chong*, 2020 WL 7690175, at *5; *Wilson*, 2013 WL 1320468, at *5 (applying Rule 9(b) to plaintiff's full complaint based on allegedly deceptive labeling and advertising practices); *see also* FAC ¶¶ 69–119 (entire FAC premised on alleged misleading representations and omissions).

This Court previously held that the "how" element of Rule 9(b) was not satisfied, because Plaintiff failed to "plead facts showing that she saw and relied on the alleged misrepresentations in deciding to purchase the Products." Dismissal Order at 22. This defect persists, because Plaintiff fails to properly allege reliance on the omitted DV%, and because other allegations in the FAC affirmatively undermine any such reliance. *See supra* Parts V.A–B. Accordingly, Rule 9(b) dismissal on these grounds remains warranted. *Tomek v. Apple Inc.*, 636 F. App'x 712, 713 (9th Cir. 2016) (affirming dismissal of UCL, CLRA, and fraud claims for failure to meet 9(b)).

The FAC's vague attempt to plead reliance fails to satisfy the "when" element of Rule 9(b) as well. Plaintiff alleges only that the "first time" she purchased the Waffles she "reviewed and

-14-

read the NFP." FAC ¶ 57. But the FAC fails to explain "when" this "first time" purchase took place, with the FAC otherwise only mustering an allegation that Plaintiff purchased the Waffles "from approximately 2019 to February 2021." FAC ¶ 55. Identifying an "approximate" purchase time that could span a period of years is insufficient under Rule 9(b). *Jones v. Nutiva*, 2017 WL 3617104, at *3 (N.D. Cal. Aug. 23, 2017) ("when" element of Rule 9(b) not satisfied with allegation that plaintiff purchased product "over the past several years"); *Robinson v. Unilever United States, Inc.*, 2018 WL 6136139, at *6 (C.D. Cal. June 25, 2018) ("The FAC does not identify which specific product labels Plaintiff saw and relied upon or precisely when and where she purchased the product(s) in question.") (purchase "in the last several years" inadequate under Rule 9(b)).

This failure to properly allege "when" she purportedly "reviewed and read the NFP" (FAC ¶ 57)—setting aside that on its own terms this allegation does not speak with any specificity to reliance on the omitted DV%—is even more consequential in this case. That is because the Court has held that reliance on the omitted DV% *only* gives rise to a cognizable claim if that reliance occurred in conjunction with Plaintiff's reliance on the "10g PLANT-BASED Protein" claim. Dismissal Order at 18. So, without any specifics as to when reliance on the omitted DV% might have occurred, there can be no determination that it took place at the same time as reliance on the affirmative "10g PLANT-BASED Protein" claim. Thus, this pleading failure is a defect of substance, not form. *Cullen*, 2013 WL 140103, at *4–5 (reliance allegations discredited where inconsistent with purchase timing); *Gardner*, 2010 WL 11597979, at *11 (same).

### E.  Plaintiff's FAC should be dismissed with prejudice.

Because Plaintiff has "failed to plausibly allege that she was deceived by the omission of digestibility-adjusted protein figure from the Nutrition Facts panels"—even after two opportunities to do so—the FAC should now be dismissed with prejudice. Dismissal Order at 18; *see Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1140 (N.D. Cal. 2013) ("[B]ecause Plaintiff has had the opportunity to amend his [] omission claims, but has not sufficiently cured the deficiencies identified previously, the Court dismisses these claims with prejudice."); *Ruiz v.Nat'l City Bank*, 2010 WL 1006412, at *5 (E.D. Cal. 2010) ("[D]ismissal with prejudice is appropriate given that the Plaintiff has been given two chances to try to plead proper claims against this Defendant.").

1    Plaintiff was given plain instructions by this Court for what was required to adequately

2    plead reliance—a clear and direct statement that she relied on the alleged omission of the DV% on

3    the Waffles' labels. Dismissal Order at 18–20. She has not done so. *See infra* Parts V.A–B. The

4    Court may now conclude that it would be futile to give Plaintiff a *third* chance to adequately state

5    a claim as to this omission theory. *See Gerard v. Wells Fargo Bank, N.A.*, 2015 WL 12780486, at

6    *15 (C.D. Cal. May 19, 2015) (dismissing with prejudice on futility grounds, where plaintiff had

7    "once again failed plausibly to allege reliance on [the defendant's] purported misrepresentations"

8    after successive complaints).

9                              **VI.    CONCLUSION**

10    For the foregoing reasons, Van's respectfully requests the Court dismiss Plaintiff's FAC in

11    its entirety, with prejudice.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Dated: June 29, 2022

**PERKINS COIE LLP**

2

3

By:*/s/ Charles C. Sipos*

David Biderman, Bar No. 101577

4

PERKINS COIE LLP
505 Howard Street, Suite 1000

5

San Francisco, California 94105
Telephone: 415.344.7000

6

Facsimile:  415.344.7050
Email: DBiderman@perkinscoie.com

7

Dennis Hopkins, *pro hac vice*

8

PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor

9

New York, New York 10036-2711
Telephone: 212.262.6900

10

Facsimile: 212.977.1649
Email: DHopkins@perkinscoie.com

11

Charles C. Sipos, *pro hac vice*

12

PERKINS COIE LLP
1201 Third Avenue, Suite 4900

13

Seattle, Washington 98101-3099
Telephone: 206.359.8000

14

Facsimile: 206.359.9000
Email: CSipos@perkinscoie.com

15

Carrie Akinaka, Bar No. 324284

16

PERKINS COIE LLP
1888 Century Park East, Suite 1700

17

Los Angeles, CA 90067
Telephone: 310.788.9000

18

Facsimile:  310.788.3399
Email: CAkinaka@perkinscoie.com

19

Attorneys for Defendant Van's International

20

Foods, Inc.

21

22

23

24

25

26

27

28